UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOANNE McCLENIC,

Plaintiff,

-against-

CITY OF LONG BEACH, COUNTY OF NASSAU, LONG BEACH POLICE DEPARTMENT, JOSEPH BRAND (DETECTIVE), NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, and ANNE T. DONNELLY (DISTRICT ATTORNEY),

Defendants.
--------------------------------------------------------------X

**ORDER**

26-CV-5224 (OEM) (AYS)

ORELIA E. MERCHANT, United States District Judge:

On August 24, 2026, *pro se* plaintiff Joanne McClenic ("Plaintiff") filed a civil rights complaint against defendants City of Long Beach, County of Nassau, Long Beach Police Department, Joseph Brand (Detective), Nassau County District Attorney's Office, and Anne T. Donnelly (District Attorney). *See generally* Complaint, Dkt. 1 ("Complaint" or "Compl."). However, Plaintiff did not pay the filing fee that is required to institute a civil action under 28 U.S. Code § 1914. Instead, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S. Code § 1915. *See generally* Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Dkt. 2 ("IFP Motion"). However, Plaintiff's IFP Motion did not identify any income, assets, expenses, or liabilities. IFP Motion. Therefore, by Order dated August 28, 2026, the Court denied Plaintiff's IFP Motion and directed her to either pay the filing fee, or submit a Long Form IFP application, by September 9, 2026. To date, Plaintiff has not complied with the Court's order.

The Court grants Plaintiff an additional 14 days from the date of this Order to either pay the filing fee or submit a Long Form IFP application. If Plaintiff wishes to proceed with this action, Plaintiff is directed to pay the $405 filing fee or submit an adequate IFP application that

lists her income, assets, expenses, and debts. If Plaintiff fails to pay the filing fee or file an adequate IFP application within 14 days from the date of this Order, this action will be dismissed, without prejudice. *See, e.g., Bey v. Queens Cty., Supreme Cts.,* 19-CV-2038 (WFK)(PK), 2019 WL 11690197 (E.D.N.Y. May 1, 2019) (dismissing action without prejudice where plaintiffs failed to pay the filing fee or submit an adequate IFP application). If Plaintiff submits an adequate IFP application, the Complaint will then be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

1 The Court notes at the outset that the Complaint is vulnerable to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) as it appears to suffer from the following defects: Plaintiff names municipal entities as defendants without plausibly alleging any unconstitutional custom, pattern, or practice that caused the alleged deprivation of Plaintiff's rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (A municipality can be liable under 42 U.S.C. § 1983 only if the plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.). Plaintiff also names the Nassau County District Attorney's Office and the District Attorney, which are immune from liability. *See Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) ("Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." (quotation marks and brackets omitted)); *Neira v. Off. of Dist. Att'y*, 21-CV-6747-JMA-LGD, 2022 WL 17489018, at *3 (E.D.N.Y. Dec. 7, 2022) (dismissing claims against the Nassau County District Attorney's Office because "Eleventh Amendment immunity extends to local governments and to a district attorney's office exercising its prosecutorial functions" (citing cases)). According to Plaintiff, the remaining Defendant, Detective Joseph Brand, applied for and executed a warrant to search Plaintiff's residence. *See* Compl. at 4, 6. Plaintiff alleges that the search damaged her property and caused a traumatic experience that left her distressed. *Id.* at 4, 5. However, to proceed with her claim against Defendant Brand, Plaintiff will likely be required to establish that the damage caused by the search was unreasonable. *See Smith v. City of New York*, 04–CV–3286, 2010 WL 3397683, at *13 (S.D.N.Y. Aug. 27, 2010) ("[I]t is well recognized that officers executing search warrants on occasion must damage property in order to perform their duty," and "before any due process liability can be imposed for property damage occurring in a lawful search, it must be established that the police acted unreasonably or maliciously in bringing about the damage.") (internal quotation marks and brackets omitted) (citing *Smith v. Tobon*, 529 Fed.Appx. 36 (2d Cir.2013)). Under Fed. R. Civ. P 15(a)(1), a party "may amend its pleading once as a matter of course …"

The Clerk of Court is directed to mail a copy of this Order and the Long Form IFP application to Plaintiff, and to note the mailing on the docket.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

November 24, 2026
Brooklyn, New York